Brady Brammer (#13411)
Matthew C. Piccolo (#15707)
**SPAULDING LAW, LLP**
1955 W. Grove Parkway, Suite 250
Pleasant Grove, Utah 84062
Telephone: (801) 893-3951
bbrammer@spauldinglaw.com
mpiccolo@spauldinglaw.com

Charles L. Roberts (#5137)
**WASATCH-IP, A PROFESSIONAL CORP.**
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT  84121
Telephone: (801) 292-5300
Facsimile: (801) 506-6699
croberts@wasatch-ip.com

*Attorneys for Plaintiff,*
*Americana Art Enterprises, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICANA ART ENTERPRISES, L.L.C., a Utah limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>DOWDLE STUDIOS, LLC, a Utah limited liability company, and ERIC R. DOWDLE, a Utah resident,<br><br>       Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**(Jury Trial Demanded)**<br><br>Case No: 2:22-cv-00512-CMR<br><br>Judge Cecilia M. Romero |

Plaintiff Americana Art Enterprises, L.L.C. ("Americana Art") through its legal counsel, complains against defendants Dowdle Studios, LLC ("Dowdle Studios") and Eric R. Dowdle ("Eric Dowdle"), as follows:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*  Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2.      This Court has personal jurisdiction over defendants because defendant Dowdle Studios has its principal place of business in this judicial district, defendant Eric Dowdle resides in this district, and both defendants have engaged in acts of trademark infringement and unfair competition within this judicial district.

## PARTIES

3.      Americana Art is a Utah limited liability company with a principal place of business in Lindon, Utah.

4.      Upon information and belief, defendant Dowdle Studios, LLC is a Utah limited liability company with a principal place of business in Lindon, Utah.

5.      Upon information and belief, defendant Eric Dowdle is an individual residing in Lindon, Utah.

## BACKGROUND

6.       Since at least as early as 1998, Americana Art, through its predecessor(s) in interest, has been in the business selling fine art and puzzles based on its fine art.  Americana Art has become known for its unique folk-art style.  It has sold its art and related puzzles under the name DOWDLE ("the DOWDLE word mark") and under the stylized logo



2

("the DOWDLE stylized mark").

7.      Americana Art also identifies itself by use of its unique rooster logo, which is used in two formats—an all-gold version and a multi-colored version (pictured here with other branding) and

 

which it has used since at least as early as May of 2021 to identify its retail services and at least as early as September 2021 to identify itself as the source of its puzzle products ("the rooster trademark").

8.      Americana Art has also adopted and continuously used for at least the past 12 years a distinctive puzzle logo



which it has used on virtually all of its puzzles, including cardboard puzzles, wood puzzles, mini puzzles, and its gallery edition puzzles ("the Dowdle Puzzles trademark").

9.      Since Americana Art's initial use of its trademarks, Americana Art has used, advertised, promoted and offered for sale goods in association with Americana Art's trademarks,

with the result that Americana Art's customers and the general public have come to know and recognize Americana Art's trademarks, and the public associates these trademarks with Americana Art and its goods. Through such extensive and widespread use, Americana Art's trademarks have acquired secondary meaning in the marketplace.

10.     The DOWDLE word mark, the DOWDLE stylized mark, and the Dowdle Puzzles trademark all incorporate the name of defendant Eric Dowdle, who was one of the founders of Americana Art and was employed as a principal artist at Americana Art for many years.

11.     Americana Art has invested substantial sums in developing consumer loyalty based on its trademarks and in procuring and securing trademark rights in its marks.  As a result, Americana Art has obtained trademark registrations that have been granted by the United States Patent and Trademark Office.

12.     Americana Art is the owner of U.S. Trademark Registration No. 6,642,576, registered February 15, 2022, for the mark "DOWDLE" in International Class 016 for "Art prints; graphic fine art prints; printed art reproductions; graphic art reproductions"; in International Class 20 for "Works of art made of wood; three-dimensional shadowbox wall art"; and in International Class 28 for "Puzzles; jigsaw puzzles" ("the '576 Registration").  The '576 Registration claims a date of first use at least as early as January 1, 1998 for the goods in classes 16 and 28 and at least as early as July 27, 2017 for the goods in class 20.  A true and correct copy of the '576 Registration is attached hereto as Exhibit A.

13.     Americana Art is also the owner of U.S. Trademark Registration No. 5,684,857, registered February 26, 2019, for the stylized mark



in International class 28 for "jigsaw puzzles" ("the '857 Registration"). The '857 Registration

claims a date of first use at least as early as January 1, 1998. A true and correct copy of the '857

Registration is attached hereto as Exhibit B.

14. Americana Art adopted its rooster trademark,



at least as early as March of 2021. It was adopted for use to identify Americana Art's retail

services at least as early as May 2021 and to identify Americana Art's puzzles starting at least as

early as September 2021. Since its adoption, the rooster trademark has been used continuously

by Americana Art in connection with its retail store services and on its puzzles, packaging,

marketing materials, and various clothing items throughout the United States. As a result of such

use, Americana Art has developed substantial common-law rights in its rooster trademark.

15. Americana Art adopted its Dowdle Puzzles trademark



at least as early as 2010 and, since that time, has used it continuously on puzzles throughout the United States. As a result of such use, Americana Art has developed substantial common-law rights in its Dowdle Puzzles trademark.

16. Americana Art's trademarks signal to its customers who purchase its products that all such products come from a single and trusted source, namely, Americana Art.

17. Americana Art has spent significant sums of money in commerce on advertisements in various forms, including but not limited to print, digital, and online materials, to promote, market, and otherwise publicize the goods offered by Americana Art under its trademarks.

18. As a result of Americana Art's long, extensive, exclusive, and continuous use of its trademarks, each of its trademarks has developed significant and valuable goodwill.

19. Americana Art is the owner of all right, title and interest in the DOWDLE word mark, the DOWDLE stylized mark, the rooster trademark and the Dowdle Puzzles trademark, including each federal registration identified above and all associated common law rights. All such federal registrations and associated common law rights are valid and enforceable.

### Defendants' Business and Willful Acts of Infringement and Unfair Competition

20. In early 2022, defendant Eric Dowdle began taking actions to compete with Americana Art, the company he founded 24 years earlier.

21. Defendant Eric Dowdle, in an attempt to create confusion and trick consumers into following him to his new commercial endeavors, selected the infringing name of DOWDLE STUDIOS and formed defendant Dowdle Studios with the Utah Division of Corporations on

March 29, 2022.  Defendant Dowdle also reserved the domain name DOWDLESTUDIOS.com the same day.

      22.     Without the agreement or consent of Americana Art, defendant Dowdle took over the leases of two facilities previously run by Americana Art in Lindon, Utah and Solvang, California.  He put these leaseholds under the name of defendant Dowdle Studios.  He kept the signage on the buildings to imply to consumers that these facilities were still affiliated with Americana Art, including signage that included both of Americana Art's registered trademarks as well as its Dowdle Puzzles trademark and its rooster trademark.  Upon information and belief, the signage on the Solvang, California store of defendant Dowdle Studios is depicted below:

  

      23.     Having seized control of the Lindon and Solvang locations, defendants began marketing, offering for sale, and selling a variety of fine art and related puzzles they surreptitiously seized from Americana Art and which bear the trademarks owned by Americana Art.

      24.     Additionally, defendants have begun to utilize Americana Art's trademarks to promote their commercial activities.  One such example is this Instagram post on the

"dowdlestudios" Instagram page in which defendants have reproduced a virtual copy of the

DOWDLE stylized mark and the rooster trademark:



(www.Instagram.com/p/CdQmi-YB9QY/, accessed July 29, 2022).

     25.     Defendants also use a confusingly similar version of the rooster logo and

incorporate a virtual copy of the DOWDLE stylized mark as trademarks on the new website of

defendant Dowdle Studios:



([www.dowdlestudios.com](www.dowdlestudios.com), accessed July 29, 2022).

26.     Upon information and belief, Defendants also use Americana Art's rooster trademark in their e-mail signatures:



### Count I – Trademark Infringement of the DOWDLE word mark by Defendants
### (15 U.S.C. § 1114)

27.     By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

28.     Defendants' multiple uses of the mark DOWDLE is identical to Americana Art's DOWDLE word mark as registered in the '576 Registration.  Defendants' continued use of the DOWDLE mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of defendants' goods and services.

29.     On information and belief, Defendants have adopted and are using the DOWDLE word mark in an effort to trade on Americana Art's reputation and goodwill established in the DOWDLE word mark.

30.     Defendants have actual knowledge of Americana Art's rights in the DOWDLE word mark and willfully and deliberately infringed, and continue to infringe, such rights through their use of the DOWDLE word mark.

31.     Americana Art has no adequate remedy at law because the DOWDLE word mark is unique and represents to the public Americana Art's reputation and goodwill such that damages alone cannot fully compensate Americana Art for defendants' misconduct.

32.     Unless enjoined by this Court, defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Americana Art and its extensive business and goodwill symbolized by the DOWDLE word mark.

33.     Pursuant to 15 U.S.C. § 1116, Americana Art is entitled to an order of this Court enjoining defendants, their officers, agents, and employees from using the DOWDLE word mark or other designations confusingly similar to the DOWDLE word mark.

34.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

35.     By reason of the foregoing, Americana Art is entitled to, among other relief, injunctive relief and an award of its damages, defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### Count II – Trademark Infringement of the DOWDLE stylized mark by Defendants
**(15 U.S.C. § 1114)**

36.     By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

37.     Defendants' multiple uses of the DOWDLE stylized mark is confusingly similar to Americana Art's DOWDLE stylized mark as registered in the '857 Registration.  Defendants' continued use of the DOWDLE stylized mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of defendants' goods and services.

38.     On information and belief, Defendants have adopted and are using the DOWDLE stylized mark in an effort to trade on Americana Art's reputation and goodwill established in the DOWDLE stylized mark.

39.     Defendants have actual knowledge of Americana Art's rights in the DOWDLE stylized mark and willfully and deliberately infringed, and continue to infringe, such rights through their use of the DOWDLE stylized mark.

40.     Americana Art has no adequate remedy at law because the DOWDLE stylized mark is unique and represents to the public Americana Art's reputation and goodwill such that damages alone cannot fully compensate Americana Art for defendants' misconduct.

41.     Unless enjoined by this Court, defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Americana Art and its extensive business and goodwill symbolized by the DOWDLE stylized mark.

42.     Pursuant to 15 U.S.C. § 1116, Americana Art is entitled to an order of this Court enjoining defendants, their officers, agents, and employees from using the DOWDLE stylized mark or other designations confusingly similar to the DOWDLE stylized mark.

43.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

44.     By reason of the foregoing, Americana Art is entitled to, among other relief, injunctive relief and an award of its damages, defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### Count III – Trademark Infringement of the Rooster Trademark by Defendants
### (Common Law)

45.     By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

46.     Americana Art has been using the rooster trademark throughout the United States, including within the State of Utah, to identify and signify itself as the source of its goods since at least as early as March of 2021.

47.     Through extensive and continuous use of the rooster trademark, Americana Art has developed substantial goodwill in the rooster trademark, which has become well known throughout the United States, including within the State of Utah.

48.     Defendants use of the infringing rooster trademark constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of defendants' goods such that consumers may believe that defendants' goods are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Americana Art.

49.     On information and belief, defendants have has adopted and are using the infringing rooster trademark in an effort to trade on Americana Art's reputation and goodwill established in the rooster trademark.

50.     Defendants' acts are causing and continue to cause Americana Art irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

51.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Americana Art, and to its goodwill and reputation, and will continue to both

damage Americana Art and confuse the public unless enjoined by this Court.  Americana Art has no adequate remedy at law.

52.     By reason of the foregoing, in addition to injunctive relief, Americana Art is entitled to an award of treble damages, defendants' profits, and Americana Art's costs and attorneys' fees, together with prejudgment and post-judgment interest.

### Count IV – Trademark Infringement of the Dowdle Puzzles Trademark by Defendants
### (Common Law)

53.     By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

54.     Americana Art has been using the Dowdle Puzzles trademark throughout the United States, including within the State of Utah, to identify and signify itself as the source of its puzzles since at least as early as 2010.

55.     Through extensive and continuous use of the Dowdle Puzzles trademark, Americana Art has developed substantial goodwill in the Dowdle Puzzles trademark, which has become well known throughout the United States, including within the State of Utah.

56.     Defendants use of the infringing Dowdle Puzzles trademark constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of defendants' goods such that consumers may believe that defendants' goods are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Americana Art.

57.     On information and belief, defendants have has adopted and are using the infringing Dowdle Puzzles trademark in an effort to trade on Americana Art's reputation and goodwill established in the Dowdle Puzzles trademark.

58.     Defendants' acts are causing and continue to cause Americana Art irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

59.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Americana Art, and to its goodwill and reputation, and will continue to both damage Americana Art and confuse the public unless enjoined by this Court.  Americana Art has no adequate remedy at law.

60.     By reason of the foregoing, in addition to injunctive relief, Americana Art is entitled to an award of treble damages, defendants' profits, and Americana Art's costs and attorneys' fees, together with prejudgment and post-judgment interest

### Count V – Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. § 1125(a))

61. By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

62. Defendants have used and continue to use in commerce Americana Art's trademarks, including, but not limited to, the DOWDLE word mark, the DOWDLE stylized mark, the rooster trademark, and the Dowdle Puzzles trademark, in connection with and on products marketed and sold at least at the Lindon, Utah and Solvang, California locations of defendant Dowdle Studios, including the very name "Dowdle" on such storefronts.

63. Defendant's use of Americana Art's trademarks, alone or in combination with other word or design marks on defendants' labeling, advertising, marketing, and selling of products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of defendants with Americana Art, or as to the origin, sponsorship, or approval of defendants'

goods or commercial activities by Americana Art, and thus constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Upon information and belief, defendants were aware of Americana Art's DOWDLE word mark, DOWDLE stylized mark, rooster trademark, and Dowdle Puzzles trademark when defendants committed their acts of infringement in willful and flagrant disregard of Americana Art's lawful rights.

65. Upon information and belief, defendants intend to cause confusion and mistake and intend to deceive the buyers of products offered or sold under Americana Art's DOWDLE word mark, DOWDLE stylized mark, rooster trademark, and Dowdle Puzzles trademark into believing that they are buying products produced by, marketed by, sponsored by, approved of or licensed by Americana Art.

66. Upon information and belief, defendants will, if not enjoined by this Court, continue in their acts of unfair competition by the use of the false designation and false representation set forth above.  Such improper acts by defendant have caused, and will continue to cause, Americana Art immediate and irreparable harm.

67. As a result of defendant's acts of unfair competition as set forth above, Americana Art has suffered damages, the exact amount of which will be proven at trial.

68. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Americana Art is entitled to a judgment for damages not to exceed three times the amount of its actual damages, together with interest thereon, in an amount to be determined at trial.

69. Americana Art has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless defendants are first preliminarily

and then permanently enjoined from their infringing and illegal conduct, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

### Count VI – Utah Statutory Unfair Competition
#### (Utah Code Ann. § 13-5(a)-101, *et seq.*)

70. By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

71. Defendants' actions complained of herein constitute an intentional business act that is unlawful, unfair, and fraudulent, and has led to the material diminution in value of Americana Art's intellectual property.

72. Defendants' actions complained of herein constitute at least an infringement of Americana Art's registered DOWDLE word mark and DOWDLE stylized mark, and in Americana Art's common law rights in the rooster trademark and the Dowdle Puzzles trademark.

73. As such, defendants' actions are in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-102(4)(a).

74. Pursuant to Utah Code Ann. § 13-5a-103, Americana Art is entitled to actual damages, costs, attorney fees, and punitive damages.

75. Americana Art has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are first preliminarily and then permanently enjoined from their infringing and illegal conduct.

### PRAYER FOR RELIEF

WHEREFORE, Americana Art prays for entry of a final order and judgment that:

A.      Defendants be adjudged to have committed federal trademark infringement, federal unfair competition and false designation of origin, and statutory unfair competition under Utah law, through their use of Americana Art's trademarks;

B.      Americana Art be granted preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, enjoining defendants, their respective officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of trademark infringement and unfair competition;

C.      Americana Art be awarded damages against defendant in an amount to be determined at trial;

D.      An accounting and determination be made, under 15 U.S.C. § 1117, of defendants' profits resulting from their acts of trademark infringement;

E.      For an award of costs, profits and damages, which damages and profits are then trebled, under 15 U.S.C. § 1117, for defendants' willful infringement of Americana Art's trademarks and unfair competition;

F.      Defendants be ordered to destroy all infringing marketing, advertising, product labels, and similar materials in their possession or control that contain or display Americana Art's DOWDLE word mark, DOWDLE stylized mark, rooster trademark, and/or Dowdle Puzzles trademark or any name or mark confusingly similar thereto;

G.      This case be declared exceptional and Americana Art be awarded its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

H.      That in accordance with Utah Code Ann. § 13-5a-103, defendants be ordered to:

17

      i.        Account for and pay over to Americana Art an amount equal to Americana Art's actual damages;

      ii.       Reimburse Americana Art for the costs of this Action;

      iii.      Reimburse Americana Art for its reasonable attorney fees; and

      iv.       Pay over to Americana Art punitive damages in an amount to be determined by the Court;

I.      Costs be awarded to Americana Art; and

J.      Americana Art be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Americana Art requests a trial by jury of all issues so triable.

Dated this 12th day of August, 2022.

              **WASATCH-IP, A PROFESSIONAL CORP.**

By:     /s/ Charles L. Roberts
           Charles L. Roberts (#5137)
           2825 E. Cottonwood Parkway, Suite 500
           Salt Lake City, UT  84121
           Telephone: (801) 292-5300
           E-mail: croberts@wasatch-ip.com

           Brady Brammer (#13411)
           Matthew C. Piccolo (#15707)
           **SPAULDING LAW, LLP**
           1955 W. Grove Parkway, Suite 250
           Pleasant Grove, Utah 84062
           Telephone: (801) 893-3951
           E-mail: bbrammer@spauldinglaw.com
           E-mail: mpiccolo@spauldinglaw.com

*Attorneys for Americana Art Enterprises, L.L.C.*