Justin D. Heideman (USB No. 8897)
Justin R. Elswick (USB No. 9153)
**HEIDEMAN & ASSOCIATES**
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email: jheideman@heidlaw.com
        jelswick@heidlaw.com
*Attorneys for Defendants Dowdle Studios, LLC and Eric R. Dowdle*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICANA ART ENTERPRISES, LLC a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>DOWDLE STUDIOS, LLC, a Utah limited liability company, and ERIC R. DOWDLE, a Utah resident,<br><br>    Defendants. | **ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br><br>Case No. 2:22-cv-00512-DAK<br><br><br>Judge: Dale A. Kimball |

COME NOW Defendants Dowdle Studios, LLC ("Dowdle Studios") and Eric R. Dowdle ("Eric Dowdle") by and through counsel undersigned and answer Plaintiff Americana Art Enterprises, LLC's ("Americana Art") Complaint for Trademark Infringement and Unfair Competition ("Complaint") [Doc. 2] as follows:

### NATURE OF THE ACTION

1.    This is a civil action for trademark infringement and unfair competition arising under the

Lanham Act, 15 U.S.C. § 1051 *et seq.* Jurisdiction of this Court is founded upon 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331 and 1338(a).

*Response: Admitted that Plaintiff alleges these claims in its Complaint.*

2.      This Court has personal jurisdiction over defendants because defendant Dowdle Studios has its principal place of business in this judicial district, defendant Eric Dowdle resides in this district, and both defendants have engaged in acts of trademark infringement and unfair competition within this judicial district.

*Response: Admitted.*

## PARTIES

3.      Americana Art is a Utah limited liability company with a principal place of business in Lindon, Utah.

*Response: Admitted.*

4.      Upon information and belief, defendant Dowdle Studios, LLC is a Utah limited liability company with a principal place of business in Lindon, Utah.

*Response: Admitted.*

5.      Upon information and belief, defendant Eric Dowdle is an individual residing in Lindon, Utah.

*Response: Admitted.*

## BACKGROUND

6.      Since at least as early as 1998, Americana Art, through its predecessor(s) in interest, has been in the business selling fine art and puzzles based on its fine art. Americana Art has become known for its unique folk-art style. It has sold its art and related puzzles under the name DOWDLE ("the DOWDLE word mark") and under the stylized logo ("the DOWDLE stylized mark").

*Response: Admitted that Americana Art was created in 2003 by Eric Dowdle to sell art and derivative products incorporating Eric Dowdle's artwork (e.g. puzzles). Prior to 2003, Eric Dowdle sold his art and derivative products individually and via other business entities that he had formed/created. Prior to the formation of Americana Art in 2003, Eric Dowdle sold his art and related puzzles under his name ("Eric Dowdle" or "Dowdle"). Denied that Americana Art become known for "its unique folk-art style." Eric Dowdle is the sole creator of the art and personally became know for his unique folk-art style—which existed years before Americana Art was formed. Americana Art was merely the business vehicle through which Eric Dowdle continued to sell his art and derivative products. Admitted that after forming Americana Art, Eric Dowdle created the ("DOWDLE word mark") and the stylized logo referenced in paragraph 6 of Plaintiff's Complaint. [See Doc. 2, p. 2]. Admitted that Americana Art was granted exclusive permission by Eric Dowdle to sell art and derivative products under the DOWDLE stylized logo.*

7.   Americana Art also identifies itself by use of its unique rooster logo, which is used in two formats—an all-gold version and a multi-colored version (pictured here with other branding) and which it has used since at least as early as May of 2021 to identify its retail services and at least as early as September 2021 to identify itself as the source of its puzzle products ("the rooster trademark").

*RESPONSE: Denied. Eric Dowdle created the Rooster image, originally sketching the image in 2016. Subsequently, in early 2021, Eric revised the image for use by Dowdle Studios (not Americana Art). Eric has not authorized Americana Art to use the Rooster image.*

8.      Americana Art has also adopted and continuously used for at least the past 12 years a distinctive puzzle logo which it has used on virtually all of its puzzles, including cardboard puzzles, wood puzzles, mini puzzles, and its gallery edition puzzles ("the Dowdle Puzzles trademark").

*Response: Admitted that Americana Art has used the "Dowdle Puzzles" image for many years and has included the image on puzzles. Denied as to any implication that Americana Art owns the trademark. Eric Dowdle created the image and any use by Americana Art was only authorized by permission from Eric Dowdle.*

9.      Since Americana Art's initial use of its trademarks, Americana Art has used, advertised, promoted and offered for sale goods in association with Americana Art's trademarks, with the result that Americana Art's customers and the general public have come to know and recognize Americana Art's trademarks, and the public associates these trademarks with Americana Art and its goods. Through such extensive and widespread use, Americana Art's trademarks have acquired secondary meaning in the marketplace.

*Response: Denied as to any implication that Americana Art owns the trademark rights in Rooster image or the Dowdle Puzzles image. Denied that Americana Art should have rights to own the DOWDLE stylized logo. Denied that Americana Art's trademarks have acquired "secondary meaning in the marketplace."*

10.     The DOWDLE word mark, the DOWDLE stylized mark, and the Dowdle Puzzles trademark all incorporate the name of defendant Eric Dowdle, who was one of the founders of Americana Art and was employed as a principal artist at Americana Art for many years.

*Response: Denied as to any implication that Americana Art owns the trademark rights in Rooster image or the "Dowdle Puzzles" image. Denied that Americana Art should have*

*rights to own the DOWDLE stylized logo. Admitted that the two images and the DOWDLE stylized logo incorporate the name of Eric Dowdle, who <u>solely founded and created</u> Americana Art. Admitted that the reason why the two images and the DOWDLE stylized logo incorporate the name of Eric Dowdle is because he, alone, is the original creator and owner of all of the art in question, which art has been incorporated and used in various derivative products. Denied that Eric Dowdle was merely "employed as a principal artist at Americana Art for many years." Admitted that Eric Dowdle has always been <u>the</u> originator and creator of the art and not, as Plaintiff suggests, one of several artists merely working for Americana Art. Admitted that Eric Dowdle's name and artwork were broadly known to the public years before Americana Art was created. Admitted that the public associates the art and derivative products with Eric Dowdle—not with Americana.*

11.   Americana Art has invested substantial sums in developing consumer loyalty based on its trademarks and in procuring and securing trademark rights in its marks. As a result, Americana Art has obtained trademark registrations that have been granted by the United States Patent and Trademark Office.

*Response: Admitted that Americana Art, under Eric Dowdle's direction as C.E.O., Manager and Owner of Americana Art, worked for approximately 19 years to develop its customer and consumer base. Denied that Americana Art has spent "substantial sums in procuring and securing trademark rights in it its mark." Admitted that Americana Art has obtained trademark registrations, but that such registrations are subject to cancellation.*

12.   Americana Art is the owner of U.S. Trademark Registration No. 6,642,576, registered February 15, 2022, for the mark "DOWDLE" in International Class 016 for "Art prints; graphic fine art prints; printed art reproductions; graphic art reproductions"; in

International Class 20 for "Works of art made of wood; three-dimensional shadowbox wall art"; and in International Class 28 for "Puzzles; jigsaw puzzles" ("the '576 Registration"). The '576 Registration claims a date of first use at least as early as January 1, 1998 for the goods in classes 16 and 28 and at least as early as July 27, 2017 for the goods in class 20. A true and correct copy of the '576 Registration is attached hereto as Exhibit A.

*Response: Admitted that the trademark was granted to Americana Art, but that such registration is subject to cancellation.*

13.    Americana Art is also the owner of U.S. Trademark Registration No. 5,684,857, registered February 26, 2019, for the stylized mark in International class 28 for "jigsaw puzzles" ("the '857 Registration"). The '857 Registration claims a date of first use at least as early as January 1, 1998. A true and correct copy of the '857. Registration is attached hereto as Exhibit B.

*Response: Admitted that the trademark was granted to Americana Art; but that Eric Dowdle had the mark registered and allowed his name to be used only on certain conditions, and that such registration is subject to cancellation.*

14.    Americana Art adopted its rooster trademark, at least as early as March of 2021. It was adopted for use to identify Americana Art's retail services at least as early as May 2021 and to identify Americana Art's puzzles starting at least as early as September 2021. Since its adoption, the rooster trademark has been used continuously by Americana Art in connection with its retail store services and on its puzzles, packaging, marketing materials, and various clothing items throughout the United States. As a result of such use, Americana Art has developed substantial common-law rights in its rooster trademark.

*Response: Denied. The Rooster image was created and is owned by Eric Dowdle. Eric Dowdle created the image specifically for use by Dowdle Studios. Americana Art is not authorized to use the image.*

15.    Americana Art adopted its Dowdle Puzzles trademark at least as early as 2010 and, since that time, has used it continuously on puzzles throughout the United States. As a result of such use, Americana Art has developed substantial common-law rights in its Dowdle Puzzles trademark.

*Response: Admitted that Americana Art has used the "Dowdle Puzzles" image for many years and has included the image on puzzles. Denied as to any implication that Americana Art owns the trademark. Eric Dowdle created the image and any use by Americana Art was under authorization and permission of Eric Dowdle.*

16.    Americana Art's trademarks signal to its customers who purchase its products that all such products come from a single and trusted source, namely, Americana Art.

*Response: Denied.*

17.    Americana Art has spent significant sums of money in commerce on advertisements in various forms, including but not limited to print, digital, and online materials, to promote, market, and otherwise publicize the goods offered by Americana Art under its trademarks.

*Response: Admitted that Americana Art has advertised its goods and products to the public. Denied as to an implication that Americana Art owns the Rooster image or the Dowdle Puzzle image. Denied two registered marks ("the '576 Registration" and "the '857 Registration") are properly registered to Americana Art insofar as they are subject to cancellation.*

18. As a result of Americana Art's long, extensive, exclusive, and continuous use of its trademarks, each of its trademarks has developed significant and valuable goodwill.

    *Response: Denied.*

19. Americana Art is the owner of all right, title and interest in the DOWDLE word mark, the DOWDLE stylized mark, the rooster trademark and the Dowdle Puzzles trademark, including each federal registration identified above and all associated common law rights. All such federal registrations and associated common law rights are valid and enforceable.

    *Response: Denied.*

### **Defendants' Business and Willful Acts of Infringement and Unfair Competition**

20. In early 2022, defendant Eric Dowdle began taking actions to compete with Americana Art, the company he founded 24 years earlier.

    *Response: Denied.*

21. Defendant Eric Dowdle, in an attempt to create confusion and trick consumers into following him to his new commercial endeavors, selected the infringing name of DOWDLE STUDIOS and formed defendant Dowdle Studios with the Utah Division of Corporations on March 29, 2022. Defendant Dowdle also reserved the domain name DOWDLESTUDIOS.com the same day.

    *Response: Denied. Dowdle Studios was formed with the express understanding and agreement of Joseph Ogden, the acting President of Americana Art. Admitted that Eric Dowdle reserved the domain name DOWDLESTUDIOS.com—which reservation comported with the understanding of the parties that Eric Dowdle would be establishing a new art studio under the name "Dowdle Studios, LLC."*

22.   Without the agreement or consent of Americana Art, defendant Dowdle took over the leases of two facilities previously run by Americana Art in Lindon, Utah and Solvang, California. He put these leaseholds under the name of defendant Dowdle Studios. He kept the signage on the buildings to imply to consumers that these facilities were still affiliated with Americana Art, including signage that included both of Americana Art's registered trademarks as well as its Dowdle Puzzles trademark and its rooster trademark. Upon information and belief, the signage on the Solvang, California store of defendant Dowdle Studios is depicted below:

*Response: Denied that Dowdle did anything without the agreement/consent of Americana Art. Alternatively, denied that Dowdle needed the agreement/consent of Americana Art. Admitted that Dowdle Studios used the identified marks in limited capacity. Denied that Americana Art is entitled to legal ownership of the trademarks in question. Denied as to the balance of the allegations.*

23.   Having seized control of the Lindon and Solvang locations, defendants began marketing, offering for sale, and selling a variety of fine art and related puzzles they surreptitiously seized from Americana Art and which bear the trademarks owned by Americana Art.

*Response: Denied that Dowdle did anything without the agreement/consent of Americana Art. Alternatively, denied that Dowdle needed the agreement/consent of Americana Art. Denied that Defendants "surreptitiously seized" fine art and puzzles from Americana Art.*

24.   Additionally, defendants have begun to utilize Americana Art's trademarks to promote their commercial activities. One such example is this Instagram post on the "dowdlestudios" Instagram page in which defendants have reproduced a virtual copy of

the DOWDLE stylized mark and the rooster trademark: (www.Instagram.com/p/CdQmi-YB9QY/, accessed July 29, 2022).

*Response: Admitted that the Instagram post was made. Denied that there was any infringing action. The Rooster image belongs to Eric Dowdle and was created by him to be used as a mark for Dowdle Studios, LLC. The DOWDLE stylized mark was created by Eric Dowdle and was registered in Americana Art's name only based on certain conditions.*

25.   Defendants also use a confusingly similar version of the rooster logo and incorporate a virtual copy of the DOWDLE stylized mark as trademarks on the new website of defendant Dowdle Studios: (www.dowdlestudios.com, accessed July 29, 2022).

*Response: Admitted that the Rooster image and DOWDLE stylized mark are used on the website. Denied that there is any infringing action. The Rooster image belongs to Eric Dowdle and was created by him to be used as a mark for Dowdle Studios, LLC. The DOWDLE stylized mark was created by Eric Dowdle and was registered in Americana Art's name only based on certain conditions.*

26.   Upon information and belief, Defendants also use Americana Art's rooster trademark in their e-mail signatures:

*Response: Admitted that Defendants use the Rooster image created by Eric Dowdle in their email signature lines. Denied that Americana Art owns the image or that such use by Defendants is actionable.*

### Count I – Trademark Infringement of the DOWDLE word mark by Defendants
**(15 U.S.C. § 1114)**

27.   By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

*Response: No response required.*

28. Defendants' multiple uses of the mark DOWDLE is identical to Americana Art's DOWDLE word mark as registered in the '576 Registration. Defendants' continued use of the DOWDLE mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of defendants' goods and services.

*Response: Denied. The '576 Registration was filed in bad faith by Americana Art's current President, Joseph Ogden, and is otherwise subject to cancellation.*

29. On information and belief, Defendants have adopted and are using the DOWDLE word mark in an effort to trade on Americana Art's reputation and goodwill established in the DOWDLE word mark.

*Response: Denied.*

30. Defendants have actual knowledge of Americana Art's rights in the DOWDLE word mark and willfully and deliberately infringed, and continue to infringe, such rights through their use of the DOWDLE word mark.

*Response: Denied.*

31. Americana Art has no adequate remedy at law because the DOWDLE word mark is unique and represents to the public Americana Art's reputation and goodwill such that damages alone cannot fully compensate Americana Art for defendants' misconduct.

*Response: Denied.*

32. Unless enjoined by this Court, defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Americana Art and its extensive business and goodwill symbolized by the DOWDLE word mark.

*Response: Denied.*

33.     Pursuant to 15 U.S.C. § 1116, Americana Art is entitled to an order of this Court enjoining defendants, their officers, agents, and employees from using the DOWDLE word mark or other designations confusingly similar to the DOWDLE word mark.

*Response: Denied.*

34.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

*Response: Denied.*

35.     By reason of the foregoing, Americana Art is entitled to, among other relief, injunctive relief and an award of its damages, defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

*Response: Denied.*

## Count II – Trademark Infringement of the DOWDLE stylized mark by Defendants
### (15 U.S.C. § 1114)

36.     By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

*Response: No response required.*

37.     Defendants' multiple uses of the DOWDLE stylized mark is confusingly similar to Americana Art's DOWDLE stylized mark as registered in the '857 Registration. Defendants continued use of the DOWDLE stylized mark is likely to cause confusion, mistake, or deception among the public as to the identity and origin of defendants' goods and services.

*Response: Denied.*

38.     On information and belief, Defendants have adopted and are using the DOWDLE stylized mark in an effort to trade on Americana Art's reputation and goodwill established in the DOWDLE stylized mark.

*Response: Denied.*

39.     Defendants have actual knowledge of Americana Art's rights in the DOWDLE stylized mark and willfully and deliberately infringed, and continue to infringe, such rights through their use of the DOWDLE stylized mark.

*Response: Denied.*

40.     Americana Art has no adequate remedy at law because the DOWDLE stylized mark is unique and represents to the public Americana Art's reputation and goodwill such that damages alone cannot fully compensate Americana Art for defendants' misconduct.

*Response: Denied.*

41.     Unless enjoined by this Court, defendants will continue their infringing actions resulting in confusion to the consuming public and damage to Americana Art and its extensive business and goodwill symbolized by the DOWDLE stylized mark.

*Response: Denied.*

42.     Pursuant to 15 U.S.C. § 1116, Americana Art is entitled to an order of this Court enjoining defendants, their officers, agents, and employees from using the DOWDLE stylized mark or other designations confusingly similar to the DOWDLE stylized mark.

*Response: Denied.*

43.     Defendants' actions have been and continue to be willful and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a). 44.

*Response: Denied.*

44.   By reason of the foregoing, Americana Art is entitled to, among other relief, injunctive relief and an award of its damages, defendants' profits, enhanced damages, reasonable attorneys' fees, and costs of the action under 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

*Response: Denied.*

### Count III – Trademark Infringement of the Rooster Trademark by Defendants
**(Common Law)**

45.   By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

*Response: No response required.*

46.   Americana Art has been using the rooster trademark throughout the United States, including within the State of Utah, to identify and signify itself as the source of its goods since at least as early as March of 2021.

*Response: Admitted that Americana Art has been using the Rooster image. Denied that Americana Art has any trademark rights to the Rooster image as the image was created by Eric Dowdle to be used in conjunction with Dowdle Studios, LLC—not by Americana Art. Americana Art's use is actually infringing Eric Dowdle's rights to the Rooster image.*

47.   Through extensive and continuous use of the rooster trademark, Americana Art has developed substantial goodwill in the rooster trademark, which has become well known throughout the United States, including within the State of Utah.

*Response: Denied.*

48.   Defendants use of the infringing rooster trademark constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of defendants' goods such that consumers may believe that defendants' goods are

sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Americana Art.

*Response: Denied.*

49. On information and belief, defendants have has adopted and are using the infringing rooster trademark in an effort to trade on Americana Art's reputation and goodwill established in the rooster trademark.

*Response: Denied.*

50. Defendants' acts are causing and continue to cause Americana Art irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

*Response: Denied.*

51. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Americana Art, and to its goodwill and reputation, and will continue to both damage Americana Art and confuse the public unless enjoined by this Court. Americana Art has no adequate remedy at law.

*Response: Denied.*

52. By reason of the foregoing, in addition to injunctive relief, Americana Art is entitled to an award of treble damages, defendants' profits, and Americana Art's costs and attorneys' fees, together with prejudgment and post-judgment interest.

*Response: Denied.*

## Count IV – Trademark Infringement of the Dowdle Puzzles Trademark by Defendants
### (Common Law)

53. By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

*Response: No response required.*

54.     Americana Art has been using the Dowdle Puzzles trademark throughout the United States, including within the State of Utah, to identify and signify itself as the source of its puzzles since at least as early as 2010.

*Response: Admitted that Americana Art has been using the Dowdle Puzzles image for many years. Any use by Americana Art has been under the direct permission and authorization of Eric Dowdle, who is the creator and owner of the image.*

55.     Through extensive and continuous use of the Dowdle Puzzles trademark, Americana Art has developed substantial goodwill in the Dowdle Puzzles trademark, which has become well known throughout the United States, including within the State of Utah.

*Response: Denied.*

56.     Defendants use of the infringing Dowdle Puzzles trademark constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of defendants' goods such that consumers may believe that defendants' goods are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Americana Art.

*Response: Denied.*

57.     On information and belief, defendants have has adopted and are using the infringing Dowdle Puzzles trademark in an effort to trade on Americana Art's reputation and goodwill established in the Dowdle Puzzles trademark.

*Response: Denied.*

58.     Defendants' acts are causing and continue to cause Americana Art irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill.

*Response: Denied.*

59.   Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Americana Art, and to its goodwill and reputation, and will continue to both damage Americana Art and confuse the public unless enjoined by this Court. Americana Art has no adequate remedy at law.

*Response: Denied.*

60.   By reason of the foregoing, in addition to injunctive relief, Americana Art is entitled to an award of treble damages, defendants' profits, and Americana Art's costs and attorneys' fees, together with prejudgment and post-judgment interest.

*Response: Denied.*

### Count V – Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. § 1125(a))

61.   By this reference, Americana Art realleges and incorporates the foregoing paragraphs as though fully set forth herein.

*Response: No response required.*

62.   Defendants have used and continue to use in commerce Americana Art's trademarks, including, but not limited to, the DOWDLE word mark, the DOWDLE stylized mark, the rooster trademark, and the Dowdle Puzzles trademark, in connection with and on products marketed and sold at least at the Lindon, Utah and Solvang, California locations of defendant Dowdle Studios, including the very name "Dowdle" on such storefronts.

*Response: Denied. Americana Art does not own the Rooster image or the Dowdle Puzzles image. Furthermore, the DOWDLE word mark and the DOWDLE stylized mark are subject to cancellation.*

63.   Defendant's use of Americana Art's trademarks, alone or in combination with other word or design marks on defendants' labeling, advertising, marketing, and selling of products is

likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of defendants with Americana Art, or as to the origin, sponsorship, or approval of defendants' goods or commercial activities by Americana Art, and thus constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

*Response: Denied.*

64.    Upon information and belief, defendants were aware of Americana Art's DOWDLE word mark, DOWDLE stylized mark, rooster trademark, and Dowdle Puzzles trademark when defendants committed their acts of infringement in willful and flagrant disregard of Americana Art's lawful rights.

*Response: Denied.*

65.    Upon information and belief, defendants intend to cause confusion and mistake and intend to deceive the buyers of products offered or sold under Americana Art's DOWDLE word mark, DOWDLE stylized mark, rooster trademark, and Dowdle Puzzles trademark into believing that they are buying products produced by, marketed by, sponsored by, approved of or licensed by Americana Art.

*Response: Denied.*

66.    Upon information and belief, defendants will, if not enjoined by this Court, continue in their acts of unfair competition by the use of the false designation and false representation set forth above. Such improper acts by defendant have caused, and will continue to cause, Americana Art immediate and irreparable harm.

*Response: Denied.*

67.   As a result of defendant's acts of unfair competition as set forth above, Americana Art has

suffered damages, the exact amount of which will be proven at trial. 68. Pursuant to Section

35 of the Lanham Act, 15 U.S.C. § 1117, Americana Art is entitled to a judgment for

damages not to exceed three times the amount of its actual damages, together with interest

thereon, in an amount to be determined at trial.

*Response: Denied.*

68.   Americana Art has no adequate remedy at law for the damage to its reputation and goodwill

and will continue to be irreparably damaged unless defendants are first preliminarily and

then permanently enjoined from their infringing and illegal conduct, pursuant to Section

34 of the Lanham Act, 15 U.S.C. § 1116.

*Response: Denied.*

## Count VI – Utah Statutory Unfair Competition
### (Utah Code Ann. § 13-5(a)-101, *et seq.*)

69.   By this reference, Americana Art realleges and incorporates the foregoing paragraphs as

though fully set forth herein.

*Response: No response required.*

70.   Defendants' actions complained of herein constitute an intentional business act that is

unlawful, unfair, and fraudulent, and has led to the material diminution in value of

Americana Art's intellectual property.

*Response: Denied.*

71.   Defendants' actions complained of herein constitute at least an infringement of Americana

Art's registered DOWDLE word mark and DOWDLE stylized mark, and in Americana

Art's common law rights in the rooster trademark and the Dowdle Puzzles trademark.

*Response: Denied.*

72.   As such, defendants' actions are in violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-102(4)(a).

*Response: Denied.*

73.   Pursuant to Utah Code Ann. § 13-5a-103, Americana Art is entitled to actual damages, costs, attorney fees, and punitive damages.

*Response: Denied.*

74.   Americana Art has no adequate remedy at law for the damage to its reputation and goodwill and will continue to be irreparably damaged unless Defendants are first preliminarily and then permanently enjoined from their infringing and illegal conduct.

*Response: Denied.*

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Breach of Duties & Standards of Conduct)

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD DEFENSE
### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

### FOURTH DEFENSE
### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

## FIFTH DEFENSE
### (Unclean Hands)

All equitable claims of  Plaintiff are barred by Plaintiff's failure to do equity and own wrongdoing.

## SIXTH DEFENSE
### (Failure to Perform)

Plaintiff has failed to perform contractual duties required by various agreement between the parties.

## SEVENTH DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred by the statute of limitations.

## EIGHTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims and/or injuries were caused or worsened by Plaintiff's own failure to properly and timely mitigate its damages

## NINTH DEFENSE
### (Economic Loss Rule)

Plaintiff's claims are barred by the economic loss rule.

## TENTH DEFENSE
### (Plaintiff does not Own Trademark)

Plaintiff does not own one or more of the trademarks/images at issue in this case.

## ELEVENTH DEFENSE
### (Cancellation of Trademarks)

Plaintiff's registration of its trademarks is subject to cancellation pursuant to 15 U.S.C. § 1064.

## TWELFTH DEFENSE
### (Fair Use)

Defendants use of any trademark(s) owned by Plaintiff is protected by the Fair Use

Doctrine.

## THIRTEENTH DEFENSE
### (Defendants' Use is Non-infringing)

Defendants use of any trademark(s) owned by Plaintiff is non-infringing.

## FOURTEENTH DEFENSE
### (No Damages)

Plaintiff has suffered no cognizable or quantifiable damages.

## FIFTEENTH DEFENSE
### (Additional Defenses)

Defendants Eric Dowdle and Dowdle Studios assert that they may have further and

additional defenses that are not yet known, but which may become known through discovery.

Defendants Eric Dowdle and Dowdle Studios reserve the right to include those additional defenses

as they are discovered by way of amendment.

## PRAYER FOR RELIEF

WHEREFORE, having answered the allegations of the Complaint, Defendants Eric

Dowdle and Dowdle Studios request that the Court deny the relief requested in the Complaint, and

further request that the Court award attorney fees and costs in defending this action, together with

such additional relief that the Court deems appropriate

DATED and SIGNED October 7, 2022

> HEIDEMAN & ASSOCIATES
> */s/ Justin D. Heideman*
> JUSTIN D. HEIDEMAN
> *Attorney for Defendants Eric Dowdle and Dowdle*
> *Studios, LLC*

## CERTIFICATE OF SERVICE

On October 7, 2022 the undersigned certifies a true and correct copy of the forgoing **ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** was served on the following:

| Party/Attorney | Method |
|---|---|
| *Attorneys for Plaintiff*<br><br>Brady Brammer (13411)<br>Matthew C. Piccolo (15707)<br>BRAMMER RANCK, LLP<br>1955 W. Grove Parkway, Suite 200<br>Pleasant Grove, Utah 84602<br>Telephone: (801) 893-3951<br>Email: bbrammer@brfirm.com<br>mpiccolo@brfirm.com<br><br>Charles L. Roberts (#5135)<br>WASATCH-IP, A PROFESSIONAL CORP.<br>2825 E. Cottonwood Parkway, Suite 500<br>Salt Lake City, Utah 84121<br>Telephone: (801) 292-5300<br>croberts@wasatch-ip.com | Hand Delivery<br>U.S. Mail, postage prepaid<br>Overnight Mail<br>Fax Transmission<br>X  Electronic Filing Notice [CM/ECF] |

HEIDEMAN & ASSOCIATES
*/s/ Kayla Jackson*
Kayla Jackson
Legal Assistant